Kara Hartzler, Federal Defenders, on behalf of Mr. Jackson. Your Honors, I think that basically the issues in this case are the same as the issues that we just addressed in the Foltz case. I don't have anything to add. If the Court has any other questions pertinent to Mr. Jackson, I'm glad to add. But otherwise, I will submit. There's an appellate waiver issue in this case that the government is invoking. Do you want to address that? Certainly. And Your Honor, that is actually foreclosed by this Court's decision in Torres. As we pointed out in our brief, Torres basically had the exact same issue as here, where there was an appellate waiver. And Torres said, well, look, in these Johnson cases where you have a sentence that's actually illegal, then the appellate waiver doesn't apply. And so this Court, this panel, is bound by Torres. While the government has talked about another Seventh Circuit case, that obviously can't overcome this Court's precedent. And the other thing is that- But isn't it any different than in Torres, the government had conceded the illegality, had conceded that issue, so we assume that we're accepting that concession and that's how we move past the appellate waiver? I don't think so, Your Honor, because it was still a holding of the Court. I think that was an issue that the Court still basically had to reach. And I'm not aware of any other cases in the Johnson panoply of cases where an appellate waiver, post-Torres, has been found to doom a person's Johnson petition. So I think that Torres really is binding on this panel. And its holding survives even though its other holding that had to do with the advisory guidelines was overturned by the Supreme Court. The other thing I would say is that the Seventh Circuit case that the government points to, in that case, the person actually made an appellate waiver after the Johnson case came out in the Supreme Court. So it makes sense in that context for the Court to say, well, you knew about Johnson, but you waived your appellate rights. And here we had no such thing because Mr. Jackson's case occurred long before the Johnson case came out. All right. Thank you. Thank you, Your Honor. Good morning, Your Honors. Again, Helen Hong on behalf of the United States. Addressing the plea waiver issue, Mr. Jackson, in this case, did waive any right to collaterally attack his sentence. At SCR 11, the language of the plea waiver is clear. Mr. Jackson waived, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution matter in this matter as well as in the other companion case. That language, waiving to the full extent of the law any right to collaterally attack his sentence or conviction, covers the collateral attack that Mr. Jackson raised here. We don't believe that Torres applies, number one, for the reason that Ms. Hertzler identified, which is that the case itself has been overturned by the Supreme Court's decision in Beckles. But as Your Honor also acknowledged, in Torres itself, the United States conceded that the language was, of the career offender provisions, was vague and that the sentence would have been unconstitutional, but for the appellate waiver itself. In this case, we don't have that. And we have, and I'm happy to submit a 28-J on this, but I didn't cite this in our brief. There's a case, United States v. Morrison, out of the Sixth Circuit. It's at 852 F. 3rd, 488, where it collects cases from the Second Circuit, the Sixth Circuit, the First Circuit, the Tenth Circuit, as well as the Eighth Circuit, where courts have denied or dismissed petitions raising Johnson claims based on the validity of an appellate waiver or a collateral attack waiver. The same circumstances apply here. The limited exception that this court recognizes for illegal sentences are sentences that either exceed the statutory maximum, which didn't occur here on any of the counts. We didn't even come close to the 15-year maximum for one of the 2111 counts. Nor is it the type of unconstitutionality that this court has previously recognized. Would it be sufficient if the sentence was unconstitutional, even if we hadn't had the occasion to recognize a certain type of unconstitutionality? Isn't unconstitutionality in and of itself sufficient? The way that I have read this court's case law in describing what unconstitutionality previously means are things that defendants could not imagine happening. And I'll get to that in a moment, but it's, for example, if a sentence was infected by discriminatory animus, you wouldn't be able to waive that in an appellate waiver because it's so far afield from the ordinary processes that that type of unconstitutionality is what we ordinarily see. We cite it to the case in our brief that describes discriminatory animus on the part of the judge or the prosecutor. Those types of things infect the sentencing, then it's unconstitutional. So theoretically, then, a sentence could be otherwise unconstitutional, yet the appellate waiver would still stand and a defendant would have to serve time, albeit under an unconstitutional sentence. And we disagree that Mr. Jackson suffered an unconstitutional sentence. I understand that, but I want you to get back to my question because that's important. I want to know how we could impose, a sentence could be imposed that was found to be unconstitutional, but because of an appellate waiver, he would have to serve his time under this unconstitutional sentence. Right. And I don't think that Mr. Jackson's particular species of unconstitutionality is the type that's ordinarily recognized in the fourth exception to appellate waivers. Well, if it's unconstitutional, it's unconstitutional, isn't it? Are there gradations of unconstitutionality? Well, in this case, in our briefing on why Mr. Jackson couldn't raise, for example, the DiMaia issue as it relates to the residual clause, is that his conduct was so within the heart of what would be covered even by the residual clause that even if you were to strike for other individuals, the residual clause, his sentence is not the type of unconstitutional sentence because he knew that his armed robberies where individuals were held at gunpoint and handcuffed together, that that would constitute the type of substantial risk that physical force would be used in the course of committing an offense. Ms. Hartzler has identified in her briefing the proposition that if a defendant could not have known that Johnson was coming, then he certainly couldn't have waived that in the appellate waiver. That's the very type of concession that appellate waivers are meant to and designed to cover. So, for example, the Supreme Court has said that absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of then-applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. That's precisely what Mr. Jackson did when he took the benefits that the prosecutors offered to him by not prosecuting him, for example, on that second 924C count and getting the benefits of the 5K departure that he received. Would a faulty premise and an unconstitutional premise be the same thing? In this context, the United States admits it would. That there has, before Torres, I'm not aware of a case that had held that this type of challenge to the vagueness of the residual clause would be insufficient to render a sentence unconstitutional. And, indeed, that's precisely what the Seventh Circuit reached in Worthen. He was raising the same type of residual clause claim, and the court said notwithstanding your claims of illegality to the sentence, that is something that you have waived. That's precisely the circumstances that we have with Mr. Jackson. And for the same reasons that we identified for Mr. Foltz, because the 2111 offense is also a crime of violence, even if this court were not to reach the issue of waiver, in this case the United States admits that the district court properly denied the petition because he was not unconstitutionally sentenced.  No questions here. Thank you, Your Honors. I think that the concerns raised by Judge Marbley about how a person could still serve a sentence even though it's unconstitutional is exactly why Torres came out the way it did. And so I think that that issue has already been decided by this court. I think the government is taking the position, and I don't want to speak for the government, but I think the government is taking the position that because Torres, ultimately the conclusion somehow changed in terms of the ability that that person would have had to seek relief because it's the advisory guidelines, that that somehow changes a different holding in Torres. I just think that's not correct. If you have a case where there's two holdings and that case finishes and there's no direct appeal, then that case, even if one of those holdings is ultimately overturned by the Supreme Court, that other holding still is good law. And basically I think that the government is trying to say, well, it's not, and we respectfully disagree because Torres' case wasn't taken then to the Supreme Court. It wasn't vacated. He did get relief. And so because of that, that holding as the appellate waiver in Torres is still good law, and we believe that this panel is bound by it. And if the court has no other questions, we'll submit. All right. Thank you very much. Thank you, Your Honor.
judges: Gould, Nguyen, Marbley